LYON *v.* JEROME, 26 Wend. 485, 501.

In S. Ct. 15 Wend. 570.

*Canal Commissioner; Delegated Powers; Constitutional Law.*

LYON sued Jerome in trespass for taking a quantity of stone from his quarry, for the construction of locks on the Oswego Canal.  Jerome justified as *chief engineer* in the construction of the canal, under the statutes relating to the state canals.  The stone was taken by his direction.  The *canal commissioner* who had charge of the work, and who testified on the trial, saw it while in progress, but gave no direction to take the stone in question; the contractors, he stated, were authorized to take stone from a tract of land belonging to the state, adjoining plaintiff's quarry, or from the bed of the canal, but not from the plaintiff's quarry, but said if the engineer had represented that it was indispensable to use the stone of the plaintiff, he should have sanctioned the taking of them.  The plaintiff produced in evidence a certificate of the defendant of the quantity taken, and stating that he had taken it supposing the quarry was on the state

lands. The plaintiff offered to prove that the canal apprai-
sers had refused to make him any allowance for his stone
taken; which was objected to and rejected. A verdict for
plaintiff being found for $174, the defendant moved the
Supreme Court for a new trial, which was granted.

The Circuit Judge on the new trial, nonsuited the plain-
tiff, and the Supreme Court having refused to set the non-
suit aside, a writ of error was brought to this court, and
after full argument,

The Court of Errors held, that the authority of the *canal
commissioners*, under the canal statutes, to enter upon and
take possession of the lands, &c., of individuals for the con-
struction of a canal, can only be executed by *them, in per-
son*, or under their *express direction;* and that an *engineer*
or any other sub-agent of the state, can not lawfully exer-
cise such power but by the *express direction* of the canal
commissioners or one of them, although such engineer or
other sub-agent has been entrusted with the superintendence
of the canal in the vicinity of the premises entered upon.

On this ground the judgment was reversed, but the Chan-
cellor who voted to reverse on this ground, added: "I have
serious doubts also as to the constitutionality of the acts of
the legislature under which the property of the plaintiff
was taken, no provision having been made whereby the
owner of the property might *compel* the payment of his
damages, or ensure the compensation to which he was en-
titled." After some remarks upon the law as it stood by
the former *canal acts*, until a subsequent provision was
made for such cases, by the Rev. Stat., he says: "I held in
*Bloodgood* v. *The Mohawk and Hudson R. R. Co.*, 18
Wend. 17, and am still of the same opinion, that before the
state can enter upon and occupy, destroy or materially in-
jure the private property of an individual, except in cases
of actual necessity, which will not admit of delay, an ade-
quate and certain remedy must be provided, whereby the
owner of such property may compel the payment of his
damages or compensation. No such provision being made
in the act of 1847, nor in the act for the construction of the
Oswego canal, I am inclined on this ground also to reverse
the judgment."

With this opinion Senator Verplanck also declared himself inclined to concur, but thought it better not to express any opinion on the point, as the constitutional point had not been raised at the trial or in the Supreme Court, and objected to any judicial expression of opinion on that ground.

Judgment of Supreme Court *reversed* unanimously.

